1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VENDAVO, INC.,

               Plaintiff,

    v.

PRICE F(X) AG, et al.,

               Defendants.

Case No. 17-cv-06930-RS  (KAW)

**ORDER REGARDING JOINT DISCOVERY LETTER**

Re: Dkt. No. 71

On December 5, 2017, Plaintiff Vendavo, Inc. filed the instant case against Defendants Price f(x) AG and Price f(x), Inc.  In the first amended complaint, Plaintiff brings claims for misappropriate of trade secrets, patent infringement, copyright infringement, and unfair competition.  (*See* First Amended Compl. ("FAC") ¶¶ 4-5, Dkt. No. 43.)  On July 13, 2018, the parties filed a joint letter concerning Defendants' interrogatory to identify the trade secrets at issue:

> **Interrogatory No. 1:** Identify and describe each Asserted Trade Secret, including without limitation, the specific portion(s) of the materials alleged to constitute a Trade Secret, the location(s) or place(s) where each Asserted Trade Secret is maintained or stored, the difference(s) between each Asserted Trade Secret and matters of general knowledge in the trade or of special persons who are skilled in the trade, and all efforts or methods used to maintain confidentiality or secrecy of each Asserted Trade Secret.

(Joint Discovery Letter at 1, Dkt. No. 71.)  Plaintiff's response was: "Vendavo refers Price f(x) to its Amended Complaint, and any further amendments thereof."  (*Id.*)

## I.    LEGAL STANDARD

Under Rule 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

## II.    DISCUSSION

The Court finds there is no dispute that Interrogatory No. 1 seeks relevant information. Indeed, Plaintiff states that it "will produce its trade secret documents in discovery," and that it "is not refusing to produce a further response to [Defendants'] interrogatory at an appropriate time." (Joint Discovery Letter at 5.) Instead, Plaintiff asserts that "the dispute is simply about timing: [Defendants have] sufficient information at this stage of the case." (*Id.*)

The Court rejects Plaintiff's assertion that it has already provided sufficient information in its amended complaint "to enable [Defendants] to investigate and prepare its defenses," as Defendants are "perfectly able to investigate, learn what categories of information its employees pilfered from [Plaintiff], and prepare its defenses." (Joint Discovery Letter at 4.) Plaintiff is required to participate in discovery; Plaintiff does not get to decide when it should produce information, particularly when discovery is not phased. The Northern District of California's Guidelines for Professional Conduct states: "A lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute," and that "[a] lawyer should promptly and completely comply with all discovery requirements of the Federal Rules of Civil Procedure." Plaintiff's unilateral decisions about timing are arguably in violation of these Guidelines.

Moreover, the Court disagrees that the amended complaint is sufficient to allow Defendants to prepare their defense. Plaintiff appears to disregard Defendants' right to conduct discovery relevant to the allegations in the complaint. While the amended complaint identifies

some specific documents, the amended complaint does not limit its trade secret claim to those documents.  For example, paragraph 54 states that Plaintiff believes that Defendant used Plaintiff's "misappropriated trade secrets including **at least**" certain specified documents.  (*Id.* at 2; FAC ¶ 54 (emphasis added).)  Likewise, in the discovery letter, Plaintiff states that "**[t]he vast majority** of the trade secrets are the . . . source code, the improvements to that code, . . . pricing, and . . . customers and prospective customers." (*Id.* at 5 (emphasis added).)   Such language suggests that Plaintiff is claiming trade secrets outside of those identified.

To the extent Plaintiff suggests Defendants can "investigate" by questioning its employees, Plaintiff cannot dictate the discovery tools Defendants must use to investigate the bases for the claims.  Additionally, even if Plaintiff had identified all of its trade secrets in the amended complaint -- which it has not -- the interrogatory requests further information, including where the trade secrets are stored, the difference between the trade secrets and general knowledge in the trade, and efforts to maintain confidentiality of the trade secret.  Plaintiff must respond to the interrogatory in full.[1]

Second, Plaintiff points to the pending motion to dismiss the trade secrets claims on *forum non conveniens* grounds.  (Joint Discovery Letter at 5.)  Because an order granting the motion to dismiss the trade secrets claims on *forum non conveniens* grounds would moot the need for discovery of the trade secrets claims, the Court will require that Plaintiff provide its full response to Defendant's interrogatory within **two weeks** of a decision on Defendants' motion to dismiss the trade secrets claims, if the motion to dismiss is denied.

///

///

///

///

///

---

[1] Defendants  request that the Court require Plaintiff to provide a supplemental interrogatory response that lists the claimed trade secrets with specific elements for each, as would appear at the end of a patent." (Joint Discovery Letter at 3-4.)  To the extent this is not requested by the interrogatory, Defendants' request is denied.

### III.    CONCLUSION

For the reasons stated above, Plaintiff is ORDERED to respond in full to Defendant's interrogatory within two weeks of a decision on Defendant's motion to dismiss the trade secret claims if the motion is denied.

IT IS SO ORDERED.

Dated: August 2, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge