UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENDAVO, INC., <br>     Plaintiff, <br> v. <br> PRICE F(X) AG, et al., <br>     Defendants. | Case No. 17-cv-06930-RS (KAW) <br><br> **ORDER REGARDING DEFENDANTS' DISCOVERY LETTER** <br> Re: Dkt. No. 110 |

On December 5, 2017, Plaintiff Vendavo, Inc. filed the instant case against Defendant Price f(x) AG and Price f(x), Inc. Plaintiff brings claims for misappropriation of trade secrets, patent infringement, copyright infringement, and unfair competition. (*See* First Amended Compl. ("FAC") ¶¶ 4-5, Dkt. No. 43.)

On February 11, 2019, Defendants filed a letter requesting a teleconference with the undersigned to address Defendants' request that Plaintiff supplement its responses to Defendant Price f(x), Inc.'s Interrogatory Nos. 1 and 4. (Dkt. No. 110.) In support of Defendants' letter, Defendants' counsel, Matthew G. Berkowitz, submitted a declaration stating that Defendants had identified deficiencies in Plaintiff's response in a November 29, 2018 letter. (Berkowitz Decl. ¶¶ 5, 8, Dkt. No. 110-1.) On December 11, 2018, the parties met and conferred, during which Plaintiff agreed to supplement its responses to both interrogatories. (Berkowitz Decl. ¶¶ 10-11.) Plaintiff, however, did not commit to a date. (*Id.*)

Throughout January 2019, Defendants followed-up with Plaintiff regarding the supplementation. (Berkowitz Decl. ¶ 12.) On January 22, 2019, Defendants were informed that Plaintiff's lead counsel, Scott Oliver, had changed firms. That same day, Mr. Berkowitz e-mailed Mr. Oliver, offering to postpone raising the discovery issue with the Court until February 5, 2019

to give Mr. Oliver time to transition. (*Id.*)

On February 6, 2019, Defendants' counsel, Patrick R. Colsher, e-mailed Mr. Oliver with a draft joint discovery letter. (Berkowtiz Decl. ¶ 13.) Mr. Oliver replied that he did not have his case files and could not respond. (*Id.*) On February 7, 2019, Mr. Colsher e-mailed Mr. Oliver, proposing to give Plaintiff an additional month to supplement its responses in exchange for continuing the remaining Patent Local Rule deadlines that were not already stayed. (Berkowitz Decl. ¶ 14.) This included the February 21, 2019 deadline to file invalidity contentions. After Mr. Oliver did not respond, Mr. Colsher again e-mailed Mr. Oliver on February 8, 2019, requesting his position on the proposed compromise or for Plaintiff's portion of the joint discovery letter. (Berkowitz Decl. ¶ 15.) Mr. Colsher stated that if they did not receive a response by February 11, 2019 at 12:00 p.m., they would request a teleconference from the undersigned. (*Id.*)

On February 11, 2019, Mr. Berkowitz and Mr. Colsher called Mr. Oliver and left a voicemail, again stating they would request a teleconference. (Berkowitz Decl. ¶ 16.) After Mr. Oliver failed to respond, Defendants filed the instant letter.

Having reviewed Defendants' letter and Mr. Berkowitz's declaration, the Court finds a teleconference unnecessary. Plaintiff has already agreed to supplement its responses; accordingly, the Court ORDERS Plaintiff to supplement its responses within **ten days** of the date of this order unless the parties stipulate otherwise. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: February 12, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge