Matthew G. Berkowitz (Bar No. 310426)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com

John F. Cove Jr. (Bar No. 212213)
L. Kieran Kieckhefer (Bar No. 251978)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: john.cove@shearman.com
       kieran.kieckhefer@shearman.com

Mark Hannemann (*pro hac vice*)
Thomas R. Makin (*pro hac vice*)
Patrick R. Colsher (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.7708
Email: mark.hannemann@shearman.com
       thomas.makin@shearman.com
       patrick.colsher@shearman.com

*Attorneys for Defendants Price f(x), Inc. and Price f(x) AG*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VENDAVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRICE F(X) AG, et al., <br><br> Defendants. | Case No. 17-cv-06930-RS <br><br> **REPLY IN SUPPORT OF PRICE F(X)'S MOTION TO ENJOIN VENDAVO FROM MAINTAINING A DUPLICATIVE TRADE SECRET ACTION IN ILLINOIS** |

It is puzzling that Vendavo spends eight-pages "opposing" PFX's motion when it already told Judge Dow that it consents to transfer the Illinois action to this Court. *See* D.I. 145 at 8. To that end, PFX agrees with Vendavo that this Court can wait and "allow the 'related' motion to be decided by Judge Dow." *Id.*

In no event, however, should this Court allow duplicative litigation to proceed in parallel in two different forums at once. Vendavo asserts that its Illinois case is limited to just Ms. Long and her hiring in 2019. But Vendavo's own allegations and conduct to date in the Northern District of Illinois belie its arguments. Indeed, Vendavo's Illinois complaint rehashes allegations that are already at issue in this proceeding, including broad and un-caveated trade secret misappropriation claims. *See* D.I. 124 at 3-7 (comparing Vendavo's Amended Complaint in this action (D.I. 43) with Vendavo's Illinois complaint (D.I. 124-4 (Berkowitz Decl, Ex. A))). And, even during the supposedly narrow preliminary injunction proceedings, Vendavo pursued a trade secret misappropriation theory based on events predating Ms. Long's hiring, and pursued discovery of facts dating back to PFX's founding in 2010, almost 9 years before Ms. Long was hired. *See* Declaration of Yue (Joy) Wang In Support of Price f(x)'s Motion to Enjoin Vendavo from Maintaining a Duplicative Trade Secret Action in Illinois ("Wang Decl."), Ex. A at 3-4; *id.*, Ex. B.

This Court has more nearly almost 20 months of history with this case, and is well-situated to understand the nature and scope of the parties' existing dispute and the breadth of Vendavo's California allegations. Accordingly, even if Judge Dow denies the motion to transfer, this Court may still be best-positioned to then issue an injunction preventing Vendavo from litigating any overlapping claims, or to issue other relief as it sees fit to prevent duplicative litigation and the associated risk of inconsistent judgments.

Additionally, Vendavo makes two mischaracterizations that require correction.

First, PFX did not "acquiesce" to the jurisdiction of the Northern District of Illinois. PFX stated that it did not oppose litigation in the Northern District Illinois through the hearing on the Order to Show Cause to the extent this approach would promote the interests of judicial efficiency. D.I. 124 at 1 n.1.

Second, PFX did not "express allowance of the separate claims in Illinois." *See* D.I. 145 at 7-8. PFX merely clarified its position that, pursuant to existing precedent, Judge Dow should retain jurisdiction to decide collateral issues, specifically costs and sanctions related to Vendavo's filing and conduct of the Illinois action through the June 6, 2019 hearing, even if Vendavo's Illinois action is dismissed or transferred to this Court. *See* Wang Decl., Ex. A at 4-6; *see also Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *Willy v. Coastal Corp.*, 503 U.S. 131 (1992)).

In sum, PFX agrees that, since Vendavo has consented to transfer, this Court can take a "wait and see" approach with the related motion pending before Judge Dow. However, if Judge Dow denies the transfer motion, this Court should issue appropriate relief to ensure that Vendavo is not entitled to continue to litigate any of the same claims in this Court that remain pending in Illinois.

Dated:   July 23, 2019                    Respectfully submitted,

SHEARMAN & STERLING LLP
By:   */s/ Matthew G. Berkowitz*
         Matthew G. Berkowitz

*Attorney for Defendants*
*Price f(x) AG and Price f(x) Inc.*