# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENDAVO, INC.,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KIM LONG, PRICE F(X) AG, AND PRICE F(X), INC.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 1:19-cv-01725<br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Young B. Kim |

**DEFENDANTS PRICE F(X) AG AND PRICE F(X), INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

Defendants Price f(x) AG ("PFX AG"), Price f(x), Inc. ("PFX, Inc.") (collectively, "PFX"), by and through their undersigned counsel, for their Reply in Support of Their Motion to Dismiss or, In The Alternative, Transfer, state as follows:

Vendavo has conceded that this case should be transferred. However, PFX files this short reply to: (1) address certain misstatements in Vendavo's opposition; (2) explain why the appropriate remedy is to dismiss this case on claim splitting grounds; and (3) explain why the Court should retain jurisdiction to hear post-dismissal cost and sanctions issues.

### I.　Vendavo Mischaracterized PFX's Response to the Preliminary Injunction Motion

Vendavo is wrong that PFX's opposition to the preliminary injunction motion bars a later motion to dismiss. PFX did not, as Vendavo described, "acknowledge[] (and request[]) that this Court rule on the preliminary injunction". (D.I. 81 at 3.) Rather, in its Motion to Dismiss, PFX included one footnote explaining that it would not object to this Court's previously-set schedule to hear Vendavo's motion for a preliminary injunction "in the interest of judicial efficiency."

(D.I. 32 at 1.). This was purely intended as an accommodation for potential judicial efficiency reasons, and should not be construed as a waiver.

## II. The Case Should be Dismissed on Claim Splitting Grounds

The case should be dismissed on claim-splitting grounds rather than transferred under a convenience analysis. Although Vendavo has added Ms. Long as a named party here, it also named Does 1-10 in California, and has litigated trade secret misappropriation issues that overlap with California and that extend well beyond just Ms. Long, even just with respect to its preliminary injunction motion. *See, e.g.*, D.I. 79 at 215:1–216:2 (Vendavo's attorney, Mr. Oliver, asking questions to Mr. Cichon about alleged misappropriation issues dating back to 2010); D.I. 78 at 21:5–6 ("This is all in October 2017."). Vendavo has tried to draw lines, after-the-fact, between the two cases, but the reality is that its Complaint in this case covers everything, and the issues are inextricably intertwined such that they must be considered part of the same action.

### a. Vendavo's Complaint in This Action Far Exceeds Trade Secret Misappropriation from Ms. Long's Alleged Theft

Vendavo argues its trade secret counts are "limited to the trade secrets Ms. Long stole" which "occurred after the California case was filed." (D.I. 81 at 3). However, in its Complaint in this case, Vendavo has broadly asserted as trade secret information far beyond "sales information on potential customers," (*id.* at 2), which Ms. Long allegedly misappropriated. (D.I. 1 at ¶ 13.) In fact, the alleged trade secrets in this action are identical to the alleged trade secrets in the California complaint. (*Compare* D.I. 34, Exh. B, at ¶ 15 *with* D.I. 1 at ¶ 13.) Vendavo also alleges that Price f(x) has a "history of stealing Vendavo confidential information," dating back to 2011 (D.I. 1 at Section II) and a "history of specifically targeting existing Vendavo customers, and offering aggressive contract terms and pricing." D.I. 1 at ¶ 4. Vendavo then

2

includes a cause of action against Price f(x) for trade secret misappropriation under the DTSA that alleges "Defendants used improper means to acquire Vendavo' trade secrets," without any express limitation as to Ms. Long, particular trade secrets, or by time.  Vendavo was the master of its own Complaint and consciously chose to cover all possible activity, including all alleged activity that is already at issue in California.

Meanwhile, in the California action, Vendavo has failed to limit itself to activities pre-dating its original Complaint.  Vendavo's Amended Complaint in California alleged PFX's hiring of multiple ex-Vendavo engineers and sales personnel following the original California complaint. (D.I. 34, Exh. B, at ¶¶ 44–45.)  The Illinois action sought the same relief from the alleged misappropriation of the same trade secrets, under an overlapping timeline.

### b. Vendavo's Discovery and Arguments In This Action Far Exceeds Trade Secret Misappropriation from Ms. Long's Alleged Theft

Throughout discovery and the preliminary injunction proceedings to date, Vendavo has already pursued a trade secret theory extending beyond just Ms. Long and beyond just the post-California lawsuit timeframe.

For example, during its opening, Vendavo highlighted a presentation that Ms. Long allegedly gave to Price f(x) in ***October 2017***, which pre-dates even the original California complaint (D.I. 78 at 19:2–21, 20:7–21:12, 24:7–8; Pls.' Opening Slides 11–18.)  Additionally, during the preliminary injunction hearing on June 6, 2018, Vendavo elicited testimony from PFX's CEO, Mr. Marcin Cichon, about Vendavo information on his computer from 2010. (D.I. 79 at 215:1–216:2.).  Vendavo also used the opportunity to take discovery on numerous issues that are unrelated to Ms. Long or the supposedly limited post-March 2019 time period.

For example:

- In its first set of document requests, Vendavo sought discovery of "a forensic analysis (including standard reports provided therewith, *e.g.* a

3

- complete file list, jump list report, shell bags report, cloud storage report, lnk files, etc.) of Vicki Roberts' PFX computer", "all communications (including email and texts, whether from a personal or PFX account) between Vicki Roberts and any Vendavo employee from November 2017 until March 18, 2019", "all communications between any PFX employee regarding hiring any Vendavo employee from November 2017 until March 18, 2019." (D.I. 34, Exh. E, at 8–9.)[1]

- During depositions, Vendavo repeatedly questioned witnesses about Ms. Roberts (who is prominently featured in Vendavo' California Amended Complaint) and PFX's planned hiring of ex-Vendavo employees. (Kieckhefer Dec. Ex. A [Cichon Depo.] 22:17–27:6, 154:15–22; Kieckhefer Dec. Ex. B [Costanzo Depo.] 31:21–32:3, 40:15–42:2; Kieckhefer Dec. Ex. D [Smith Depo.] 121:5–11, 131:7–14, 187:2–4; Kieckhefer Dec. Ex. C [Roberts Depo.] 100:18–21, 107:17–20.)

- During depositions, Vendavo also repeatedly sought out testimony from ex-Vendavo (now-PFX) employees (including Mr. Cichon and Mr. Smith) regarding devices they allegedly maintained possession of from their time at Vendavo (also prior to the California action). (Kieckhefer Dec. Ex. D [Smith Depo.] 139:18–141:22; Kieckhefer Dec. Ex. A [Cichon Depo.] 314:10–318:18; D.I. 79 at 215:1–216:2.)[2]

- And, as PFX explained in its Opening Brief, Vendavo continues to allege post-Complaint hiring and misappropriation by PFX in its California action. (D.I. 34 at 12–13, 16–17.)

This wide-ranging discovery, even during the limited preliminary injunction proceedings, confirms that, contrary to Vendavo's characterization, there is significant overlap in the discovery sought by Vendavo in the California and Illinois cases. There is no line where one ends and the other begins.

### III. The Court Should Retain Jurisdiction to Hear Costs and Sanctions Issues

Regardless of the Court's decision on PFX's motion to dismiss, the Court should retain jurisdiction to decide costs and sanctions issues (including, for example, attorneys' fees pursuant

---

[1] Ms. Roberts is a named ex-Vendavo employee in Vendavo's Amended Complaint in California. (D.I. 34, Exh. B, at ¶ 56.)

[2] Mr. Cichon and Mr. Smith are both named ex-Vendavo employees in Vendavo's Amended Complaint in California. (D.I. 34, Exh. B, at ¶¶ 29–33, 56, 59–60.)

4876396/1/18939.001

to Rule 11 and 28 U.S.C. § 1927). In *Szabo Food Serv., Inc. v. Canteen Corp.*, the Seventh Circuit held that dismissal of the case does not deprive the lower court of jurisdiction to award reasonable expenses (including attorneys' fees) under Rule 11. 823 F.2d 1073, 1077 (7th Cir. 1987). Similarly, in *Laine v. Morton Thiokol, Inc.*, the Court held that it retains "inherent Rule 11 power" to decide Rule 11 and Section 1927 motions, after the underlying case is transferred to another court. 124 F.R.D. 625, 626–27 (N.D. Ill. 1989). And, a district court retains jurisdiction over costs and attorneys' fees motions even when it lacks jurisdiction over the underlying case. *See, e.g.*, *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) ("a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party"); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction.")

This Court is intimately familiar with the circumstances surrounding the *ex parte* raid of Ms. Long's house, the merits of the parties' respective positions *vis-à-vis* the allegations, including, for example, Vendavo's decision to pursue this preliminary injunction motion through the hearing despite (1) the lack of any evidence of wrongdoing by PFX, (2) its internal admission that it lost the ▮▮▮▮▮▮▮▮ accounts for reasons completely unrelated to Ms. Long, and (3) the fact that Ms. Long no longer has any Vendavo documents in her possession (and hasn't had them since March).

Judge Seeborg would have to learn all of this from scratch, and would never have the benefit of hearing the preliminary injunction hearing testimony live.

5

4876396/1/18939.001

Accordingly, regardless of whether the Court believes that costs or fees should be awarded to either party in this case, it would be far more efficient and practical for this Court to retain jurisdiction over any forthcoming cost and fee motions, as it is permitted to do even after a dismissal or a transfer under Seventh Circuit law. *See Laine*, 124 F.R.D. at 626–27 (holding court retains jurisdiction to decide Rule 11 and Section 1927 motions after case is transferred.)

Dated: July 2, 2019

Respectfully submitted,

By: /s/ Richard Z. Wolf

Richard Z. Wolf
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Suite 3700
Chicago IL 60661
Telephone: 312.606.3200
Email: rwolf@hmblaw.com

Matthew Berkowitz (*pro hac vice*)
**SHEARMAN & STERLING LLP**
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com

L. Kieran Kieckhefer (*pro hac vice*)
**SHEARMAN & STERLING LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com

Patrick R. Colsher (*pro hac vice*)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000

6

4876396/1/18939.001

7

        Fax: 646.848.7708
        Email: patrick.colsher@shearman.com

        *Attorneys for Defendants Price f(x) AG and Price f(x) Inc.*

## CERTIFICATE OF SERVICE

I, Nicholas J. Ciaccio, hereby certifies that, on July 2, 2019, I served a true and correct copy of the foregoing **DEFENDANTS PRICE F(X) AG AND PRICE F(X), INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER** on all the following counsel of record by electronic mail and through the Court's CM/ECF:

| | |
|---|---|
| Sara M. Skulman<br>**GREENBERG TRAURIG, LLP**<br>77 W. Wacker Drive<br>Suite 3100<br>Chicago, IL 60601<br>Tel: (312) 456-8400<br>Fax: (312) 456-8435<br>Email: skulmans@gtlaw.com<br><br>*Attorneys for Plaintiff*<br><br>Samuel Chase Means<br>**GREENBERG TRAURIG, LLP**<br>77 W. Wacker Drive<br>Suite 3100<br>Chicago, IL 60601<br>Tel: (312) 456-8415<br>Email: meansc@gtlaw.com<br><br>*Attorneys for Plaintiff* | L. Scott Oliver (*Pro Hac Vice*)<br>**GREENBERG TRAURIG, LLP**<br>1900 University Avenue<br>5th Floor<br>East Palo Alto, CA 94303<br>Tel: (650) 328-8500<br>Fax: (650) 328-8508<br>Email: oliverls@gtlaw.com<br><br>*Attorneys for Plaintiff*<br><br>Timothy B. Hardwicke<br>Andrew H. Schrag<br>**GOODSMITH GREGG & UNRUH LLP**<br>150 S. Wacker Drive<br>Suite 3150<br>Chicago, IL 60606<br>Tel: (312) 646-2014<br>Fax: (312) 322-0056<br>Email:  thardwicke@ggulaw.com<br>            aschrag@ggulaw.com<br><br>*Attorneys for Defendant Kim Long* |

/s/ Nicholas J. Ciaccio
Nicholas J. Ciaccio

8