UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENDAVO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PRICE F(X) AG, et al.,<br><br>    Defendants. | Case No. 17-cv-06930-RS<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS AND DENYING MOTIONS FOR INJUNCTIVE RELIEF** |

The factual background of this matter has been set out in several prior substantive orders and will not be recounted here. Now pending is a motion by plaintiff to dismiss the counterclaims, and two motions by defendants seeking to enjoin plaintiff from pursuing other litigation arising from this dispute. Having been submitted without oral argument pursuant to Civil Local Rule 7-1(b), the motions will be denied.

A. Motion to dismiss counterclaims

1. *Specification of trade secrets*

At the outset of this case, defendants successfully moved to dismiss plaintiff's trade secret claims. That order, which provided leave to amend, observed that while a claim "need not spell out the details of the trade secret," *Autodesk, Inc. v. ZWCAD Software Co.,* 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015) it must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons

who are skilled in the trade, and to permit the defendant to ascertan at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc*., 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968)). The original complaint was found wanting because, among other things, the allegations failed to distinguish between the local and the international defendants and did not sufficiently delineate timelines of the alleged acts of misappropriation and use of purported trade secrets, all of which were foundational to the existence of claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836, given its territorial and temporal limits.

The counterclaims, while perhaps somewhat conclusory and generalized, do not present similar issues. At this juncture the appropriate mechanism for obtaining greater specificity as to what trade secrets are claimed is to pursue the matter through disclosures, interrogatories, meet and confer negotiations, or such other facets of the discovery process as may be warranted.[1]

2. *Statute of limitations*

Plaintiff contends that certain of the acts alleged to have constituted trade secret misappropriation occurred outside the statute of limitations. Plaintiff is correct that courts sometimes parse the allegations of a complaint to dismiss untimely portions of claims for relief. *See Perez v. Banana Republic, LLC*, 2014 WL 2918421, at *2 (N.D. Cal. June 26, 2014) ("Under Rule 12(b)(6), a court may dismiss a [claim] that is grouped together with other claims in a single cause of action, without dismissing the entire cause of action."); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.,* 2015 WL 12777091, at *10 (C.D. Cal. Feb. 12, 2015) ("The Court . . . sees no reason why the fraud count should not be dismissed for untimely claims yet

---

[1] California Code of Civil Procedure § 2019.210, is a state procedural rule requiring a plaintiff to "identify the trade secret with reasonable particularity" prior to commencing discovery. While that rule does not strictly apply in this federal proceeding, similar procedures may be imposed as a means of managing discovery disputes in the event the parties are unable to agree to a reasonable approach.

continue for those that are timely."). Plaintiff alternatively contends the trade secret allegations should be seen as advancing a claim of a single course of conduct, all of which is time-barred given the averment that the first act took place in 2012.

While the allegations in the counterclaim supporting "delayed discovery" are thin at best, plaintiff has not shown that the statute of limitations defense should be resolved at the pleading stage. It may be that at least some of the conduct allegedly supporting the misappropriation claim will not ultimately be actionable, given the statute of limitations. That question is best answered on a more developed record. Accordingly, the allegations of the counterclaim will not be parsed for timeliness. At this stage, defendants have presented at least some claims not plainly time-barred on the face of the pleading.

3. *Claim elements*

Plaintiff insist defendants have not made plausible allegations that they exercised reasonable care to ensure the confidentiality of the information they contend constitutes their trade secrets, or that it was improperly acquired or used by plaintiff. Defendants correctly point out there are no bright line rules as to what steps a party must take to preserve its trade secrets. Here, defendants may be hard-pressed to persuade a trier of fact that all of their conduct was reasonable, when it appears that in some instances they voluntarily disclosed information they now contend included trade secrets to persons who were at the time employed by plaintiff, without clearly defined nondisclosure agreements in place. Nevertheless, dismissal is not warranted. *See Medtronic MiniMed, Inc. v. Nova Biomed. Corp.*, 2009 WL 10671420, at *5 (C.D. Cal. May 22, 2009) (Whether a party's effort were "reasonable measures to maintain secrecy are factual issues for the jury to decide."); *see also Vesta Corp. v. Amdocs Mgmt., Ltd*, 2018 WL 4354301, at *16 (D. Or. Sept. 12, 2018) ("whether plaintiff took reasonable efforts to maintain the secrecy of its [] information is an issue best left for the trier of fact.").[2] The motion (Dkt. No. 97) is denied.

---

[2] These references to a jury determination do not preclude the possibility that the issue may be decided on summary judgment. The primary point is that the question is not ripe for disposition at

CASE NO. 17-cv-06930-RS
3

B. <u>First motion to enjoin</u>

Defendants move to enjoin plaintiff from "maintaining a duplicative trade secret action in Illinois." Defendants, however, have presented the same issue to the judge presiding in the Illinois action, who is better situated to determine whether that action should go forward in whole or in part, including whether it should be transferred to this District. The motion (Dkt. No. 124) is denied.

C. <u>Second motion to enjoin</u>

Finally, defendants request a broad-ranging injunction seeking to preclude plaintiff from pursuing additional legal remedies in other forums, and limiting plaintiffs' access to materials allegedly seized by legal authorities in the Czech Republic. Jurisdictional and comity concerns weigh heavily against the general kind of relief defendants are seeking, and they have not established that it is necessary notwithstanding those issues. Plaintiff is of course bound by the rules in any jurisdiction where it seeks relief and must act in good faith to pursue only claims and remedies that are warranted by the facts and the law. Should it pursue litigation that is abusive in other jurisdictions, however, it will be those courts who are in the position to evaluate the conduct and issue appropriate relief. The motion (Dkt. No. 133) is denied.

**IT IS SO ORDERED**.

Dated: September 12, 2019

_____
RICHARD SEEBORG
United States District Judge

---

the pleading stage.